```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

STEVEN R. JONES                                          PLAINTIFF

       v.          Civil No. 09-5005

MICHAEL J. ASTRUE,
Commissioner of Social Security                          DEFENDANT

## O R D E R

Now on this 20th day of August, 2010, come on for consideration **Plaintiff's Request For EAJA Attorney Fees And Costs Under The Equal Access To Justice Act** (document #14) and the **Magistrate Judge's Report And Recommendation** (document #16), and from those documents, and the responses of both parties, the Court finds and orders as follows:

    1.   The issue under consideration is the appropriate amount of fees to be awarded to plaintiff, who succeeded in obtaining a remand of his case to the Commissioner pursuant to sentence four of **42 U.S.C. § 405(g)**.

The Magistrate Judge reported that the appropriate fee award, pursuant to **28 U.S.C. § 2412(d)** of the Equal Access to Justice Act ("EAJA"), would be $3,493.50, which sum should be paid in addition to, and not out of, any past due benefits plaintiff might be awarded in the future.

    2.   The Commissioner does not object to the amount of the fee, but does call the Court's attention to **Astrue v. Ratliff**, ---

**U.S. ---, 130 S.Ct. 2521, 2010 WL 2346547 (2010),** wherein the Supreme Court held that a fee award under the EAJA is "payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."

Pursuant to this case, the Commissioner requests that the fee award be made payable to the plaintiff rather than to his attorney.

3. Plaintiff responds that he has assigned his fee award, in advance, to his attorney. Based on this assignment, he contends that the fee award should be made payable directly to his attorney.

4. The decision in **Ratliff** was reached on the basis of statutory analysis, but it is underpinned by the need to effectuate **31 U.S.C. § 3711(a)** and **§ 3716(a),** which authorize administrative offsets to collect debts owed by an individual to the government. Whatever one thinks of the decision - and the dissent makes a strong case against it - the practical effect of the case is to require payment of EAJA fee awards in a manner that does not defeat the right to administrative offsets.

5. In **Taylor v. Astrue**, 2010 WL 3075681 (W.D. Ark. 2010), United States Magistrate Judge Barry Bryant resolved the dilemma of making it possible for a claimant's attorney to effectuate an assignment of fees while honoring the requirements of **Astrue** by

-2-

making the fee award payable to plaintiff. He noted that the Commission did not object if the check made out to plaintiff was mailed to his attorney's office (which was said to be the customary practice). By this means, the attorney is assured of collecting any fee not taken by administrative offset. The Court finds this a reasonable resolution of the issue here presented, and will so order.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** is **adopted *in toto*.**

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Magistrate Judge's Report And Recommendation, Plaintiff's Request For EAJA Attorney Fees And Costs Under The Equal Access To Justice Act** (document #14) is **granted**, and plaintiff is awarded attorney's fees and costs pursuant to the EAJA in the sum of $3,493.50, paid in addition to, and not out of, any past due benefits plaintiff might be awarded in the future.

**IT IS FURTHER ORDERED** that this fee award be mailed to plaintiff in care of his attorney, at his attorney's office address.

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                      **JIMM LARRY HENDREN**
                                      **UNITED STATES DISTRICT JUDGE**